IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CR-00258-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DERWIN DURHAM (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a sentence reduction based on his completion of a substance abuse treatment program on November 21, 2013, at the Mecklenburg County Jail. (Doc. No. 367).

The Court sentenced the defendant on February 23, 2015, and recommended to the Bureau of Prisons (BOP) that he be allowed to participate in any available substance abuse treatment program and, if eligible, receive the benefits of 18 U.S.C. § 3621(e)(2). (Doc. No. 301: Judgment at 2). Section 3621(e)(2)(A) gives the Director of the BOP the discretion to determine whether a prisoner has successfully completed a residential substance abuse treatment program. Upon successful completion of such a program, the BOP may reduce the prisoner's remaining sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B). "[T]he statute expressly vests the Bureau of Prisons with broad discretion to grant or deny sentence reductions to eligible prisoners." Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999). If a defendant is not given the sentencing credit he thinks he deserves, his recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement.[1] Id.

---

[1] The defendant is serving his sentence at FCI-Williamsburg in Salters, South Carolina. See https://www.bop.gov/inmateloc.

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se motion for sentence reduction, (Doc. No. 367) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 10, 2017

Robert J. Conrad, Jr.
United States District Judge